**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CASE NO. 26-TP-20010-Altonaga

UNITED STATES OF AMERICA,

v.

SHAWN DARLING,

Defendant.
_________________________/

**REPORT AND RECOMMENDATION ON SUPERVISED RELEASE VIOLATION**

**THIS MATTER** came before the Court for a revocation hearing on September 17, 2026, upon a Petition for Summons for Offender Under Supervision as to Defendant Shawn Darling ("Defendant"). [ECF No. 7]. This matter was referred to the undersigned by Chief U.S. District Judge Cecilia M. Altonaga. [ECF No. 16].

Defendant was originally convicted in the United States District court for the Eastern District of North Carolina after pleading guilty to Aggravated Identity Theft, in violation of 18 U.S.C. § 1028A(a)(1) and Mail Fraud, in violation of 18 U.S.C. § 1341. *See* [ECF No. 7]. He was sentenced to 12 months for each offense, to be served consecutively, followed by three years of supervised release. [*Id*]. As part of his sentence, restitution in the amount of $25,000 was ordered and he is required to make restitution payments. Defendant's term of supervised release commenced on July 1, 2024. On May 27, 2026, his supervised release was modified to require him to make restitution payments in the amount of one-third of his out-of-district income to the victim. [*Id.*].

Defendant is now charged with the following violation of his supervised release conditions in the Petition:

1. **Violation of Standard Condition**, by failing to follow the instructions of the probation officer related to the conditions of supervision. On June 9, 2026, the

> defendant refused to pay $450 or one-third of his out-of-district income towards restitution as directed.

[*Id.* at 2].

At a final revocation hearing held on September 17, 2026, the Government explained that it has recalculated Defendant's income and expenses and agreed that the payment due, based upon Defendant's income was $200, rather than the amount of $450 as stated in the Petition. Defendant has agreed to pay this amount going forward. Thus, the Government has agreed that the Petition should be dismissed.

## CONCLUSION

Accordingly, based on the representations of counsel, and having had the opportunity to observe and hear directly from Defendant, the undersigned recommends that the Court accept the Government's request that Defendant's restitution payment be set at $200 and further recommends that the Petition be dismissed.

The parties will have **THREE (3) calendar days** from the date of this Report and Recommendation within which to file written objections, if any, for consideration by the United States District Judge. Failure to timely file objections will bar a *de novo* determination by the District Judge of anything in this Recommendation and shall constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." 11th Cir. R. 3-1 (2016); 28 U.S.C. § 636(b)(1)(C); *see also Harrigan v. Metro-Dade Police Dep't Station #4*, 977 F.3d 1185, 1191–92 (11th Cir. 2020).

**SIGNED** this 18th day of September 2026.

LISETTE M. REID
UNITED STATES MAGISTRATE JUDGE

**cc:** **Chief U.S. District Judge Cecilia M. Altonaga; and**
**All Counsel of Record**